# United States District Court

# NORTHERN DISTRICT OF TEXAS

# 1100 Commerce Street, Room 1452

# Dallas, TX 75242



3-25CV0053-B

---

Ernest Henderson, Plaintiff )
6640 Abrams Street #820151 )
Dallas, TX 75226 )
V )
United States District Court )
NORTHERN DISTRICT OF TEXAS )
1100 Commerce Street, Room 1452 )
Dallas, TX 75242 )
Renee Harris Toliver, Magistrate Judge )
Judge Karen Gren Scholer )

---

## JURISDICTIONAL BASIS

The Judge(s): presiding over case conflicted with Constitutional Articles, Constitutional Amendments, and Federal Code of Civil Procedure which created several Brady Rule violations. Further it addressed only a minor part of the suit and dismisses the entire suit without allowing evidence or even a brief to be entered in support of relief sought.

## DUE PROCESS OF LAW, HEARING & JURY TRIAL:

**JURY TRIAL,** A **jury trial** or **trial** by **jury** is a legal proceeding in which a **jury** either makes a decision or makes findings of fact, which then direct the actions of a judge. It is distinguished from a bench **trial**, in which a judge or panel of judges make all decisions.

"An orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights before a court having power to hear and determine the case. *Kazubowski v. Kazubowski,* 45 Ill.2d 405, 259, N.E.2d 282, 290." Black's Law Dictionary, 6th Edition, page 500.

## RULE OF LAW

Can a Judge disregard the Rule of Law and the Constitution, his Oath of Office and his Code of Conduct and be granted immunity by a paragraph in a U.S. Code that is subservient to, and therefore void, if it comes into conflict with the Constitution?

In the event that a Judge can be elevated above the law and somehow be granted immunity for actions well beyond his Jurisdiction, can orders and Judgments that violate statutory and Constitutional law be allowed to stand; including those installed to replace previous Judgments without hearing?

Can federal Judges, in violation of Canon 3 A (4) of the Federal Code of Conduct, deny the full right to be heard according to law, including submittal of evidence?

In a limited government, the question here should be, "Are this citizen's rights being violated by these actions?", and not, "Is the violation of this citizen's rights being violated by these actions?", and not, "Is the violation of this citizen's rights Justified because of overriding government goals and objectives?" By what authority do you, by oath, servants of the Constitution, ignore its laws and guidelines and govern by rule of man rather than rule of law?

*Brady v Maryland, 373 U.S. 83 (1963)*

**NICK G. ESCAMILLA,**
*Plaintiff-Appellant,*
*v.*
**CITY OF CHICAGO, et al.,**
*Defendants-Appellees,*
*Appeal from the United States District Court for the Northern District of Illinois,*
*Eastern Division.*

*No. 13 C 6364*
*Harry D. Leinenweber.*
*Judge.*

On appeal Escamilla contends that his suit was wrongly dismissed as untimely. But the statue of limitations is not an issue because Escamilla's (Ernest Henderson) constitutional claims have not yet accrued. A due process claim under Brady does not accrue until the plaintiff has been exonerated; Escamilla's conviction still stands, and, thus, he fails to state a claim for relief. See FED. R. CIV. P. 12(b)(6); Heck v. Humphrey. 512 U.S. 477, 486-87, 489-90 (1994); Johnson v. Dossey, 515 F. 3d 778, 781-82 (7th Cir. 2008); Newsome v. McCabe, 256 F. 3d 747, 752 (7th Cir. 2001). Though this case took place in 2011, it cannot be dismissed because of a time matter through NICK G. ESCAMILLA, Plaintiff-Appellant, v. CITY OF CHICAGO, et al., Defendants-Appellees, because a due process claim under Brady does not accrue until the plaintiff Ernest Henderson has been exonerated; Ernest Henderson's conviction still stands, and thus, Ernest Henderson unlike Escamilla's does not fail to state a claim for relief. Therefore the Effort of Ashley Sutherland, Chief Deputy Clerk, Kentucky Court of Appeals, date of 7/25/2022 is voided of any effect The Court in Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill.1962) held that "not every action by a judge is in the exercise of his judicial function....it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse. When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect."

Like all exceptions to the vinality rule, it is intended to solve instances where too rigid an adherence to the finaility requirement would cause a sever hardship and injustice with a particular litigant that just so happens to be a member of the forgotten class of people who are the systematic victims of hypocrisy in

our court and judicial systems all across the country, and the class of people who are consistently losing thier lives at a traffics stop where they would face nothing more than a ticket.

The Due Process clauses of the Constitution require judges to recuse themselves if:

They have a financial interest in the case's outcome

There's a strong possibility that their decision will be biased

A party must show "compelling evidence" of bias to disqualify a federal judge.

But despite nearly two hundred years of effort by civil rights activists, legislatures, law enforcement, courts, and others, the perception remains that racial discrimination still exists within our justice system: from police treatment to jury selection to jury verdicts and sentences. And the perception is especially common within the African-American community.3 It defines reality for many African Americans faced with, serving in, or incarcerated by our criminal courts, and unquestionably has roots in our nation's tortured history of race relations. That there remains such fear or mistrust of the justice system is why all courts must remain vigilant to eradicate any last vestiges of the days in which a person's skin color defined their access to justice.

## RECUSSAL

*Caperton v. A. T. Massey Coal Co., 556 U.S. 868 (2009).*

28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge

## *BACKGROUND*

Ernest Henderson just received mail from Renee Harris Toliver Magistrate Judge, and also signed documents by Judge Karen Gren Scholer, who has made statements in the brief, "Electronic NOTICE OF **JUDICIAL SCREENING AND STANDING ORDER.**

'Judgicial screening of this case is pending. See 28 U. S. C. 1915 (e) (2). 'It is therefore ORDERED THAT (1) 'no motions for appointment of counsel shall be filed until the Court has completed the screening process, (3) all discovery in this case is stayed until the Court enters a scheduling order, (4) 'no amendments or supplements to the complaint shall be filed without prior court approval, and (5) any motion to amend the complaint must be accompanied by a complete proposed amended compalaint on the required form".

I.    When a judge knows that he lacks jurisdiction, or acts in face of clearly valid statues expressly depriving him of jurisdiction, judicial immunity is lost. *Rankin v. Howard,* 1980) 633 F. 2d 844, cert den. Zeller v. Rankin. 101 S. Ct 2020, 451 U.S. 939, 68 L. Ed 2d 326. Where there is no jurisdiction, there can be no discretion, for iscretion is incident to jurisdiction. *"Piper v. Pearson 2 Gray 120,* citied in *Bradley v. Fisher,* 13 Wall, 335, 20 L. Ed. 646 (1872). "No judicial process, whatever form it may assume, can have any lawful authority of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." *Ableman v. Booth, 21 Howard 506 (1859).* The Court in Yates v. Village of Horrman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is intentional tort even though the tort occurs in the courthouse. When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect."

(a). The disqualification rule of the *28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate Judge,* requires a judge to remove themselves from cases where there is a possibility of bias through window of opportunity found in *Caperton v. A. T. Massey Coal Co., 556 U.S. 868 (2009).* Any decisions made by Judge Karen Gren Scholer or Magistrate Judge Renee Harris Toliver, must be voided if they affect the 3:24-cv-03130-S-BK, because no judge wtihin the United States Northern District of Texas has a right to serve on any case where their co-worker is a defendant or make rulings nor make any decisions in that case. "No judicial process, whatever form it may assume, can have any lawful authority of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." Ableman v. Booth, 21 Howard 506 (1859). Judge karen ruling in 3:24-cv-03130-S-BK created this Section 1983 provides an individual the right to sue state government employees and others acting "under color of state law" for civil rights violations. Section 1983 does not provide civil rights; it is a means to enforce civil rights that already exist.

(b). "As the U.S. Supreme Court has held, the right to petition for redress of grievances is 'among the most precious of the liberties safeguarded in the bill of rights'. (Cites) Inseparable from the guaranteed rights entrenched in the first Amendment, the right to petition for redress of grievances occupies a 'preferred place' in our system of representative government and enjoys a 'sanctity and a sanction not permitting dubious intrusions.' Thomas v Collins, 323 US 516; 65 S. Ct 315, 322. Indeed, 'It was not by accident or coincidence that the rights to freedom in speech and press were coupled in a single guarantee with the rights of the people peaceably to assemble and to petition for redress of grievances.' Id. At 323." It seems to reason that if the filing is protected, then surely the object of the protected right—of obtaining a due process guaranteed fair hearing of the grievance and redress thereon—is the very essence of the Petition Clause. *Wilkins v. U.S.C.A. 24 C.A.* 5 (Ala) Indictment under civil rights conspiracy statue must allege that it was intent of defendants, (judges of Northern District of Texas Federal District Court), by their conspiracy, to hinder or prevent enjoyment of some right granted or secured by constitution, and must charge positively and not inferentially everything essential, although it is not necessary that indictment for substantive offense, nor is it necessary to any overt act. Judge Karen Gren Scholer, Judge Renee Harris Toliver Magistrate Judge both violated Due Process of Law because neither have right to make any decisions in 3:24-cv-03130-S-BK because they both are supervised by the defendant in 3:24-cv-03130-S-BK. *Caperton v. A. T. Massey Coal Co., 556 U.S. 868 (2009)* is a clear cut ruling in favor of recussal and it does not allow a judge to make any decisions to delay the case in favor of those; co-workers of Judge Karen Gren Scholer, whom she is trying to protect with this hold in providng or fulfilling the United States Constitution. It has been no changes to the Constitution where their is a gray area or some room to wiggle because your chief justice violated Ernest Henderson's constitutional rights as well as you are performing any decisions in 3:24-cv-03130-S-BK. *Gideon v. Wainwright,* 372 U.S.

335 (1963), created a defense for the poor and white because Gideon requested legal assistance as well as Ernest Henderson in 3:24-CV-03130-S-BK but Gideon was white and Ernest Henderson is black. *Johnson v. Zerbst*, 304 U.S. 458 (1938), "The United States Supreme Court agreed to hear the case and overturned the decisions of the lower courts. In a six to two decision, the Court held that the federal court had infringed upon Johnson's life and liberty by not giving him counsel to defend him during trial. In the majority opinion written by Justice Hugo Black, the Court held that,

(C). The Due Process Clause incorporated the common-law rule requiring recusal when a judge has "a direct personal, substantial, pecuniary interest". Ernest Henderson filing of 3:24-cv-03130-S-BK- accusing Brian McKay, United States Magistrate Judge, Chief Judge David C. Godbey (N), Karen Mitchell, Clerk of Court, of court mail fraud, and **Renee Harris Toliver, Magistrate Judge Judge Karen Gren Scholer** decisions are not just voided but voidable any made in **3:24-cv-03130-S-BK is** making trying to protect those co-workers which is not guidelines for being a judge but more like ingredients for parallism to *Wilkins v. U.S.C.A. 24 C.A.* 5 (Ala) Indictment under civil rights conspiracy statue must allege that it was intent of defendants, (judges of Northern District of Texas Federal District Court), by their conspiracy, to hinder or prevent enjoyment of some right granted or secured by constitution, and must charge positively and not inferentially everything essential, although it is not necessary that indictment for substantive offense, nor is it necessary to any overt act. The *Court in Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757* (N.D. Ill.1962) held that "not every action by a judge is in the exercise of his judicial function….it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse. When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect."

( c ). Because the objective standards implementing the Due Process Clause do not require proof of actual bias, this Court does not question Judge Karen Cren Scholer, nor Renee Harris Toliver, Magistrate Judge, on the grounds of Justice Benjamin's subjective findings of impartiality and propriety in *Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)* and need not determine whether there was actual bias. Rather, the question is whether, "under a realistic appraisal of psychological tendencies and human weakness," the interest "poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." *Withrow,* 421 U.S., at 47. There is a serious risk of actual bias here when a person with a personal stake in a particular case just like in 3:24-cv-03130-S-BK perform the same illegal methods judges in that case performed in mail fraud, now trying to precide over a case where your direct supervisor in *Chief Judge David C. Godbey (N),* Brian McKay, United States Magistrate Judge, Karen Mitchell, Clerk of Court, of court mail fraud, participating in mail fraud but your making decision to halt case to hinder justice to support the fraud of mail, and violations of Ernest Henderson's constitutional rights. Judge Karen Gren Scholer, 3:24-cv-03130-S-BK her decision to halt motions, void Ernest Henderson of justice and the disburing of a paranoid psychofrenic being provided counsel after Court reviews eletronic filings, is outside of judicial jurisdiction of a judge and in violation of **28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge.** Judge *Karen Gren Scholer* decision to halt case and court non-receiving of motions on Ernest Henderson behalf **is not** only clear evidence of Due process of law violations but clear indication of why *28 U.S. Code § 455 -* **Disqualification of justice, judge, or magistrate judge exist in the first place.**

## ARGUMENT

The Defendant individually and in his capacity as Judge of Northern District of Texas Federal District Court, Renee Harris Toliver, Magistrate Judge, both in thier official capacities as co-workers of Brian McKay, United States Magistrate Judge, Chief Judge David C. Godbey (N), Karen Mitchell, Clerk of Court, did perform acts and made decisions when they did not have a right to act, and by doing so did violate the Plaintiff Ernest Henderson Constitutional and civil rights by performing as defined in the verified complaint through *Daniels v. Williams,* 474 U.S. 327 (1986) for deliberate indifference of an intent negligence against Ernest Henderson's civil rights and clearly operated outside of proper procedure found in *Estelle v. Gamble*, 429 U.S. 97 (1976) when they refused to recused themselves in 3:24-cv-03130-S-BK. They were participating more in obstruction of justice through "A party may be prosecuted under section 1503 for endeavoring to obstruct justice, *United States v. Neal, supra*; *United States v. Williams*, 874 F.2d 968, 976 (5th Cir. 1989); it is no defense that such obstruction was unsuccessful, *United States v. Edwards*, 36 F.3d 639, 645 (7th Cir. 1994); *United States v. Neal, supra*; or that it was impossible to accomplish, *United States v. Bucey*, 876 F.2d 1297, (9th Cir.), *cert. denied*, 493 U.S. 1004 (1989); *United States v. Brimberry*, 744 F.2d 580 (7th Cir. 1984), *cert. denied*, 481 U.S. 1039 (1987).

Relief is possible when a person in the position of a Judge does knowingly disregard Constitution and civil rights of others, his Oath of Office, and the Alabama Supreme Court Rules Code of Conduct. When a Judge steps beyond the boundaries that define his powers as a Judge, he then becomes an individual and is therefore responsible for his actions as such.

Constitution Supreme Clause Article VI, Clause 2 of the Constitution (This Constitution, and the Laws of the United States which shall he made in Pursuance thereof; ….shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any state to the Contrary notwithstanding.) Absolute immunity is

_____

Subsequent interpretations of the Civil Rights Act by this Court acknowledge Congress' intent to reach unconstitutional actions by all state and federal actors including judges...The Fourteenth Amendment prohibits a tate [federal] from denying any person [citizen] within its jurisdiction the equal protection under the laws. Since a State [or federal] acts only by its legislative, executive or judicial authorities, the constitutional provisions must be addressed to those authorities, including state and federal judges."

We conclude that judicial immunity is not a bar to relief against a judicial officer acting in her [his] judicial capacity."

This is defined by law as the Stripping Doctrine.

> In Ex Parte Young, 209 U.S. 123 (1908), the Supreme Court provided an important exception to the 11th Amendment sovereign immunity States enjoy: the Stripping Doctrine.
>
> The Stripping Doctrine is a legal fiction which allows injunctive relief against what are essentially state actions. While the 11th Amendment immunizes Statesfrom actions by private parties, the Stripping Doctrine argues tht when a state officer takes an unconstitutional action, he acts beyond the scope of his authority the officer was "stripped" of his official power and cannot invoke the State's immunity, although he remains subject to the consequences of his official conduct.
>
> The doctrine is a legal fiction because the officer, in acting unconstitutionally, was outside his official duties, but the citizen can now sue him for injunctive relief in her official capacity. Unless a citizen can enjoin the action the officer took in her official capacity, no remedy could be provided for an otherwise unconstitutional action (as the State itlsef is immune from prosecution).
>
> contrary.

The presence of malice and the intention to deprive a person of his civil rights is wholly incompatible with the judicial function.

U.S. Supreme Court Reports, <u>PIERSON v. RAY, 386 U.S. 547 (1967) 386 U.S. 549 PIERSON ET AL. v. RAY ET AL.</u>

When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he exercises no discretion or individual judgment; he acts no longer as a judge, but as a "minister" of his own prejudices. [386 U.S. 547, 568].

The Judge, by ignoring guidelines as set by law, did lose jurisdiction in the matter. His acts then became ultra vires or outside of the powers of his jurisdiction.

"Jurisdiction, although once obtained, may be lost, and in such case proceedings cannot be validly continued beyond the point at which jurisdiction ceases". Federal Trade Commission v. Raladam Co., 283 U.S. 643, 75 L. Ed. 1324, 51 S.Ct. 587.

For the purposes of review, it has been said that clear violations of laws on reaching the result, such as acting without evidence when evidence is required, or making a decision contrary to all the evidence, are just as much jurisdictional error as is the failure to take proper steps to acquire jurisdiction at the beginning of the proceeding. Borgnis v. Falk Co., 133 N.W. 209.

"No sanction can imposed absent proof of jurisdiction". Stanard v. Olesen, 74 S.Ct. 768. "Once jurisdiction is challenged, it must be proved". Hagans v. Levine, 415 U.S. 533, n.3.

Without jurisdiction, the acts or judgments of the court are void and open to collateral attack. McLean v. Jephson, 123 N.Y. 142, 25 N.E. 409.

Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, is judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as tresspassers."

Elliot v. Piersol. ! Pet. 328, 340, 26 U.S. 328, 340 (1828)

When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges orders are void, of no legal force or effect.

The U.S. Supreme Court, in Scheurer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683. 1687 (1974) stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.

The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." 'Emphasis supplied in original]. By law, a judge is a state officer.

In *United States v. Felix* 503 U.S. 378 (1992), the U.S. Supreme Court ruled: "a[n]...offense and a conspiracy to commit that offense are not the same offense for double jeopardy purposes." Sometimes the same conduct may violate different statutes. If all elements of a lesser offense are relied on to prove a greater offense, the two crimes are the "same offense" for double jeopardy purposes, and the doctrine will bar the second prosecution. Presiding Municipal Court Judge Less Hayes failed to adhere to a clearly established case law found in the United States Constitution 5th Amendment through highway *Arizona v. Rumsey*, 467 U.S. 203 (1984), though the acquittal of Ernest Henderson was erroneous through the conspiracy between Presiding Municipal Court Judge Less Hayes of Montgomery Municipal Court and James Tolbert; Supervisor of Montgomery Municipal Court of Montgomery, AL they on April 14, 2011, the acquittal must stand; since the officer was not present on April 14, 2011 which shows the officer who wrote the Running Red-light suspended light case had "consciousness of guilt" or other motivation to avoid the evidence through appearing in court because the outcome had been discussed between the three; the judge, the court supervisor, and the officer.

The Fifth Amendment has an explicit requirement that the Federal Government not deprive individuals of "life, liberty, or property," without due process of the law and an implicit guarantee that each person receive equal protection of the laws.

The Fourteenth Amendment explicitly prohibits states from violating an individual's rights of due process and equal protection. Equal protection limits the State and Federal governments' power to discriminate in their employment practices by treating employees, former employees, or job applicants unequally because of membership in a group, like a race, religion or sex. Due process protection requires that employees have a fair procedural process before they are terminated if the termination is related to a "liberty," like the right to free speech, or a property interest.

The **Confrontation Clause** of the Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him."  The Fourteenth Amendment makes the right to confrontation applicable to the states and not just the federal government.  Crawford v. Washington and Out-of-Court Statements.  Alabama Rules of Evidence Article VIII Hearsay Rule 801 states the declarant is the person that makes the out of court statement; oral, written or through an assertion but it is only allowed if the person is cross examined and face the penalty of perjury at trial or hearing.

If a person is arrested on less than probable cause, the United States Supreme Court has long recognized that the aggrieved party has a cause of action under 42 U.S.C. 1983 for violation of Fourth Amendment rights. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967).

Harlow v. Fitzgerald, 457 U.S. 800, 818 (there can be no objective reasonableness where

(a) United States Constitution, Fourth Amendment (including Warrants Clause), Fifth Amendment (Due Process and Equal Protection), Ninth Amendment (Rights to Privacy and Liberty), Fourteenth Amendment (Due Process and Equal Protection).

Relief is available in many forms here.  Delcaratory relief, rulings by another Judge in the form of opinions establishing the Constitutionality or lack of Constitutionality of another Judge's actions and Injunctive relief, a command or order for an action or inaction, are just wo of the possibilities here, and both can be born from a jury's decision after the preponderance of evidence.

*Effective Assistance of Counsel:* "[T]he right to counsel is the right to the effective assistance of counsel."[243] From the beginning of the cases holding that counsel must be appointed for defendants unable to afford to retain a lawyer, the Court has indicated that appointment must be made in a manner that affords "effective aid in the preparation and trial of the case." Thus, ineffective assistance provided by retained counsel provides a basis for finding a Sixth Amendment denial in a trial.

Trial by jury should be allowed here to preserve the Plaintiff's right to due process. Together with the due process clause of the Fifth Amendment, the Seventh Amendment guarantees civil litigants the right t an impartial jury.

---

McCoy v. Goldston,, 652 F. 2d 654 [6th Cir. 1981], Page 40

Snider v. Consolidation Coal Co. 973 F. 2d 555 [7th Cir. 1992[, Page 42

Rivas v. Brattesani, 94 F. 3d 802 [2nd Cir. 1996[, Page 41

When a lawsuit involves mixed questions of law equity, litigants may present the legal questions to a jury under the Seventh Amendment.

There may be issues of partisanship, as a Judge is asked to judge the actions of another Judge. A jury would guard against partisanship, be it conscious or subconscious, in that a Judge may not interject their personal opinions or observations to such an extent that they impair a litigant's right to a fair trial.

The Plaintiff, a Pro se litigant, in pursuit of what is defined in the Federal Rules of Civil Procedure 8 (f) as substantial justice, takes steps to make the Court aware of the following:

The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires. S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F. 3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally); Poling v. K Hovnanian Enterprises. 99 F. Supp 2d 502, 506-07 (D. N.J. 2000).

Pro se litigants' Court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements.

McCoy v. Goldston, 652 F. 2d 654[6gh Cir. 1981], Page 40

Snider v. Consolidation Coal Co. 973 F. 2d 555 [7th Cir. 1992], Page 42

Rivas v. Brattesani, 94 F. 3d 802 [2nd Cir. 1996[, Page 41


McCoy v. Goldson, 652 F. 2d 654 [6th Cir. 198[, Page 40

Snider v. Consolidation Coal Co. 973 F. 2d 555 [7th Cir, 1992], Page 42

Rivas v. Brattesani, 94 F. 3d 802 [2nd Cir. 1996], Page 41

Morever, "the court is under a duty to examine the complaint to determine if the allegations provide for relief provide for relief on any possible theory," Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974).

Thus, if this court were to entertain any motion to dismiss this court would have to apply the standards of *White v. Bloom.* Furthermore, if there is any possible theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss this case.

## GOALS OF THIS SUIT

This suit is not about monetary gain-it is about the preservation of an individual's Constitutional rights and how an individual citizen should be shielded from the government's arbitrary abuse of power.

Although a monetary amount is a condition to allow the Seventh Amendment (trial by jury) to come to bear, it cannot, however, be removed from consideration here:

The monetary issue will mainly be realized through the hearing of denied motions and the failures of the due process of law and petitions.

This suit is to remove/void orders obtained by unconstitutional methods, and to allow motions and petitions that were filed properly and in a timely manner to be heard by a non-bias

---

[7] Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982);

Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(quoting Cnley v. Gibson, 355 U.S. 4, 45-46, 78 S.Ct. 99 2 L.Ed 2d 80 (1957); Haines v. Kerner, 404 U.S. 519, 92 S.Ct 594, 30 L.Ed 2d 652 (1972); McDowell v. Delaware State Police, 88

F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992) (holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); Then v. I.N.S., 58 F.Supp. 422, 429 (D.N.J. 1999).

Entity.[8] Further, it is to relieve the Plaintiff from arrest and incarceration, or various other sanctions upon reasonable assertion of his rights under the Constitution.

This suit seeks to punish no one-it simply seeks to obtain the rights that under Constitutional theory, should already be the Plaintiff's.

Once again, I am not asking that anyone be punished-I am asking for the overturning of judicial orders that should have been legally and Constitutionally impossible to enter.

## Conclusion

In Conclusion, the Plaintiff does pray that this Court observe the practice of fundamental fairness that is Substantial Justice and not act as Bystanders while a citizen is denied the right to redress when life, liberty, and property have been denied under color of law.

---

[8] Elrod v. Burns, 427 U.S. 347; 6 S.Ct. 2673; 49 L/Ed/2d (1976)

"Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."

United States Constitution, First Amendment: Right to petition; Freedom of association

Davis v. Wechler, 263 U.S. 2, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449

"The assertion of federal rights, shen plainly and reasonably made, are not to b defeated under the name of local practice."

Sherar v. Cullen, 481 F. 2d 946 (19730

"There can be no sanction or penalty imosed upon one because of his exercise of Constitutional rights."

Simmons v. United States, 390 U.S. 377 (1968)

"The claim and exercise of a Constitutional right cannot be converted into a crime"…"a denial of them would be a denial of due process of law."

The complaint finishes with a section entitled "Prayer for Relief." In such a case you can ask for an injunction ordering another judge to so something, or to refrain from doing something. Successful use of these suits has been made to nullify attachments, end incarcerations, declare laws or court practices unconstitutional and scare the heck out of black robed tyrants with gavels. See Pulliam v. Allen, 466 U.S. 522 (1983).

Wherefore plaintiff prays this Court issue equitable relief as follows:

1. Issue injunctive relief commanding defendants to . . .

2. Issue declaratory relief as this Court deems appropriate just.

3. Issue other relief as this Court deems appropriate and just.

4. Award plaintiff his costs of litigation.

Respectfully submitted,

Ernest Henderson
_____
Signature

1/6/2025
_____
Date