IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST HENDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-53-B-BN |
| | § | |
| RENEE HARRIS TOLIVER ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Without paying the statutory filing fee, Plaintiff Ernest Henderson submitted a filing *pro se* alleging claims against judges relating to orders issued in other litigation pending in this Court. *See* Dkt. No. 3.

United States District Judge Jane J. Boyle referred Henderson's complaint to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

**ANALYSIS**

A district court is required to screen a civil complaint filed *in forma pauperis* (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for

relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

A review of Henderson's filing reflects that the complaint presents allegations that qualify as clearly baseless, irrational, or wholly incredible, requiring dismissal with prejudice.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Henderson has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Henderson could allege cogent and viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## SANCTION WARNING

Since October 2024, Henderson has filed three other actions in forma pauperis in this Court – *Henderson v. City of Dallas*, No. 3:24-cv-2487-N-BW (N.D. Tex.), *Henderson v. City of Dallas*, No. 3:24-cv-2940-K-BW (N.D. Tex.), and *Henderson v.*

*United States District Court for the Northern District of Texas*, No. 3:24-cv-3130-S-BK (N.D. Tex.). The first two cases are awaiting screening, and the magistrate judge in the third case has recommended that the case be dismissed as frivolous and that Henderson be warned of potential sanctions if he persists in filing frivolous actions.

And Henderson has also filed cases in other federal courts nationwide. Like this case, most of his complaints concerned grievances against judges, court personnel, law enforcement officers, and other individuals he encounters. *See, e.g.*, *Henderson v. McMahan*, No. 3:24cv319 (W.D. Ky. filed May 24, 2024); *Henderson v. Sutherland*, No. 3:22-CV-426 (W.D. Tex. filed Aug. 18, 2022).

While many of his actions were dismissed for lack of prosecution, at least five have been dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2). *See Henderson v. Land*, 4:16-CV-32, 2016 WL 1532243, *1-2 (M.D. Ga. Apr. 15, 2016); *Henderson v. Tomlinson*, No. 4:16-CV-130 (M.D. Ga. Apr. 27, 2016); *Henderson v. Treadwell*, No. 4:16- CV-184 (M.D. Ga. July 12, 2016); *Henderson v. Jones*, No. 4:16-CV-142 (M.D. Ga. Aug. 23, 2016); *Henderson v. Tennessee*, No. 1:20-CV-0004, 2020 WL 2739615, *4 (E.D. Tenn. May 6, 2020)

Considering the above, Henderson should be warned that if he persists in filing frivolous or baseless lawsuits, the Court may impose monetary sanctions, bar him from bringing any new action, or subject him to other sanctions the Court deems appropriate. *See* Fed. R. Civ. P. 11(b)(2), (c)(1). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of*

*Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## Recommendation

The Court should dismiss the complaint with prejudice and warn Henderson that, if he persists in filing frivolous or baseless lawsuits, he may be barred from bringing any new action or he may be subject to any other sanctions the Court deems appropriate.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 23, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE